IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| George Hucks, Sr., ) | |
| ) | Civil Action No. 8:04-cv-23336-TLW-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Allstate Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff originally filed this action *pro se*. Regrettably, he has since passed away. On January 4, 2006, the defendant filed a motion to dismiss. On January 5, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. On January 9, 2006, the plaintiff's personal representative filed a notice of Death Certificate and a Notice of Certificate of Appointment of George Hucks, Jr. as personal representative. Since that time, however, no response to the defendant's motion to dismiss or appearance by counsel on behalf of the plaintiff's estate has been made.

The court filed a second order on June 15, 2006, giving the plaintiff's representative through July 6, 2006, to notify the Court as to whether he intended to pursue this action on behalf of the plaintiff's estate. The personal representative was specifically ordered that he may not proceed *pro se* on behalf of the plaintiff's estate, if there are any "beneficiaries or creditors involved" other than himself. *See Witherspoon v. Jeffords Agency, Inc.*, 88 Fed. Appx. 659 (4th Cir. 2004) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir.2002); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997)).

The the personal representative of the plaintiff was instructed to indicate to the Court, by July 6, whether or not the plaintiff's estate has any other beneficiaries or creditors than himself.  The representative was further instructed that if the estate does have such other beneficiaries or creditors, an appearance by an attorney must be made on behalf of the plaintiff's estate by that same date, July 6, 2006.   If, however, the plaintiff's estate has no beneficiaries or creditors other than the personal representative, the personal representative was required to so notify the Court and file a response to the motion to dismiss by July 6, 2006.  The plaintiff's personal representative was expressly advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute.  The Court has received no response whatsoever either from the personal representative or any attorney on behalf of the plaintiff's estate.

Based on the foregoing, it appears the plaintiff's estate no longer wishes to pursue this action.  Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

s/Bruce H. Hendricks  
United States Magistrate Judge

July 10, 2006  
Greenville, South Carolina

2