IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

George Hucks, Sr.,            )
                                           )          Civil Action No. 4:04-23336-TLW
              Plaintiff,     )
                                           )                  **ORDER**
     vs.                            )
                                           )
Allstate Insurance Company,    )
                                           )
                                           )
               Defendant.    )
_____ )

       This is a breach of contract case. Plaintiff originally filed this action pro se but has since passed away. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

       The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

       This case has a somewhat complicated procedural history. The action was originally filed pro se. On January 4, 2006, Defendant filed a motion to dismiss. On January 5, 2006, Plaintiff was advised of the motion to dismiss and the possible consequences if he failed to respond. On January 9, 2006, Plaintiff's personal representative filed a notice Death Certificate and a Notice of Certificate

of Appointment of George Hucks, Jr. as personal representative. Since that time, however, no response to Defendant's motion to dismiss or appearance by counsel on behalf of Plaintiff's estate has been made.

The Court filed an order on June 15, 2006, giving Plaintiff's representative through July 6, 2006, to notify the Court as to whether he intended to pursue this action on behalf of Plaintiff's estate. Plaintiff's personal representative was expressly advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. Plaintiff's representative failed to respond to the June 15, 2006, order.

The Magistrate Judge filed the Report on July 10, 2006, recommending that this case be dismissed for lack of prosecution. Plaintiff's representative failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report in substantial part and incorporates it herein. Out of an abundance of caution, this Court dismisses this case without prejudice due to the fact that the original plaintiff is now deceased. Therefore, it is the judgment of this Court that the case must be **DISMISSED** without prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

August 4, 2006
Florence, South Carolina